IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

JOHNNY WELCH,

    Plaintiff,
v.                                                          CASE NO. 5:17-cv-73-MCR-GRJ

CARTER, et al.,

    Defendants.
_____/

**ORDER AND**
**REPORT AND RECOMMENDATION**

Plaintiff initiated this case by filing civil rights complaint, ECF No. 1, a "motion for use of lie detector test", ECF No. 2, and a motion for injunctive relief, ECF No. 4. The Complaint is before the Court for screening pursuant to 28 U.S.C § 1915, which provides that the Court may dismiss a case at any time if the Court determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2).

The Complaint stems from a prison disciplinary conviction for which Plaintiff was punished with the loss of gain-time and other administrative sanctions. Plaintiff contends that the disciplinary report against him was

false. For relief, he seeks damages in the amount of $100,000. ECF No. 1.

Plaintiff failed to either pay the $400.00 filing fee or file a motion for leave to proceed as a pauper. Pursuant to N.D. Fla. Loc. R. 5.1(H), "[a] civil action shall not be filed by the clerk until the fee is paid . . . unless the complaint or petition is accompanied by a motion for leave to proceed *in forma pauperis* [IFP]."

Plaintiff's motion for an injunction is deficient on its face. "It is well recognized that courts may not enter injunctions against persons or entities that [a]re not party to the litigation before them." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1304 (11th Cir. 2012). Further, pursuant to Fed. R. Civ. P. 65(c), "[t]he Court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or retrained." Plaintiff's motion is not accompanied by any security, and therefore it is due to be stricken as facially defective.

Lastly, the Complaint is due to be dismissed for failure to state a claim. Federal courts do not operate as appellate courts for prison

disciplinary actions. "[A]n inmate cannot state a claim of retaliation for a disciplinary charge involving a prison rule infraction when the inmate was found guilty of the actual behavior underlying that charge after being afforded adequate due process." *O'Bryant v. Finch*, 637 F.2d 1207, 1215 (11th Cir. 2011). Because, as Plaintiff concedes, he was found guilty of the charge, the only viable claim concerning a disciplinary report would be a claim asserting procedural violations, such as the denial of witnesses or evidence or the failure by the prison to give the inmate notice of the disciplinary charge. *Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974); *Bass v. Perrin*, 170 F.3d 1312, 1318 (11th Cir. 1999), *citing Young v. Jones*, 37 F.3d 1457 (11th Cir. 1994)). The Complaint does not suggest that such procedural violations occurred during the disciplinary hearing process.

The Complaint suffers from a more serious defect, however. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas

> corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

512 U.S. at 486–87 (footnote omitted).

The Supreme Court has applied *Heck* to prisoners' claims challenging prison disciplinary actions, even when the prisoner does not explicitly seek reinstatement of lost good-time credits. *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (holding that *Heck* bars a prisoner's complaint that "would, if established, imply the invalidity of the deprivation of his good-time credits"). *Heck* is not categorically applicable to all suits challenging prison disciplinary actions. *Muhammad v. Close*, 540 U.S. 749, 754 (2004). But if good-time credits have been eliminated, a prisoner's § 1983 suit challenging a disciplinary action may be construed as seeking a judgment at odds with his conviction or with the state's calculation of time that he must serve for the underlying sentence. *See id.* at 754–55.

In this case, Plaintiff's Complaint clearly strays into *Heck* waters, because Plaintiff's contention that the disciplinary charge was false

necessarily implies the invalidity of the disciplinary conviction.  Plaintiff concedes that he lost gain-time as a result of the disciplinary conviction.  Absent expungement or invalidation of that disciplinary action by way of a habeas corpus petition, Plaintiff's claims are barred by *Heck.*

Accordingly, it is **ORDERED** that Plaintiff's "motion for use of lie detector test", ECF No. 2, is **DENIED.**  His motion for injunctive relief, ECF No. 4, is **STRICKEN** as facially deficient.

It is respectfully **RECOMMENDED** that this case should be **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2).

**IN CHAMBERS** this 23rd day of March 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**